This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41088**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**RODNEY GONZALEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant appeals from a district court order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition, in which he raises a new issue, which we treat as a motion to amend. We deny the motion and affirm the district court.

**Motion to Amend**

**{2}** In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant is attempting to raise the issue of whether his underlying sentence is illegal. [MIO 2] Defendant points out that his plea agreement did not rule out a habitual enhancement of his sentence, and Defendant admitted to the prior conviction. [RP 68] If imposed, a habitual enhancement would not be subject to suspension or deferment. [MIO 2] *See* NMSA 1978, § 31-18-17 (2003). Defendant's argument is that the district court did not comply with this mandatory provision when it did not impose an actual sentence at the time of the original sentence. [RP 82] However, the original sentence was the product of a plea agreement, where the State had agreed to hold off seeking habitual enhancement, reserving the right to bring a supplemental information in the event that Defendant violated probation. [RP 68] This reservation is a common practice, and reflects the State's broad charging discretion. *See State v. Leyba*, 2009-NMCA-030, ¶ 21, 145 N.M. 712, 204 P.3d 37 (stating that "the [s]tate [has] broad discretion to seek habitual offender enhancement[s]"). As such, we do not deem Defendant's new issue to be viable.

**Issue in the Docketing Statement**

**{4}** Defendant's sole issue in the docketing statement challenged the sufficiency of the evidence to support the revocation of probation. Our calendar notice proposed to affirm. Defendant's memorandum in opposition does not challenge the proposed affirmance. We therefore deem the issue to be abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**CONCLUSION**

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**